FILED

NOT FOR PUBLICATION

AUG 14 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GASPAR PASTOR OXLAJ, | No. 10-73194 |
| Petitioner, | Agency No. A070-917-232 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Gaspar Pastor Oxlaj, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Pastor Oxlaj's motion to reopen as untimely where he filed the motion nearly eleven years after he was ordered removed, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and failed to submit sufficient evidence to rebut the presumption of proper delivery of his Notice to Appear, *see Sembiring*, 499 F.3d at 987-88.

In his opening brief, Pastor Oxlaj has waived any challenge to the BIA's determinations that he was not entitled to equitable tolling of the filing deadline for his motion, and that he failed to establish changed country conditions in Guatemala in order to qualify for a regulatory exception to the deadline. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in a petitioner's opening brief are deemed waived). His contention that the BIA failed to consider certain arguments he raised on appeal is not supported by the record.

Finally, we lack jurisdiction to consider Pastor Oxlaj's challenge to the agency's refusal to reopen his removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**